## EYSSALLENNE *v.* CITIZENS' BANK OF LOUISIANA.

Decision in *Bank of Louisana* v. *Farrar* 1 An. 49, affirmed and extended to contracts with
the Citizens' Bank.

The charters of banks in this State hich authorize married women to bind themselves jointly
and *in solido* with their husbands, in any hypothecary contracts or obligations entered into
by the husband with those banks, place dotal and paraphernal property on the same footing.

Decision in *Citizens' Bank* v. *Nicolas*, *ante* p. 112, affirmed.

Where a surety signs an injunction bond in blank, which is afterwards properly filled up, his
liability will attach from the time of his signature.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.
*Pecquet* and *Roselius*, for the appellants. *Pilot*, for the defendants. The
judgment of the court was pronounced by

ROST, J. The plaintiff seeks to annul an act of mortgage entered into by
her husband and herself in favor of the Citizens' Bank of Louisiana, and
has enjoined an order of seizure issued under it. There was judgment against
her in the first instance, and the injunction was dissolved, with $500 damages,
*in solido*, against her and her surety on the injunction bond. From this judg-
ment they have appealed.

The grounds upon which she relies are, 1st: That being a married woman,
she could not become the surety of her husband. 2d. That the mortgage
was given to secure loans made to her and her husband, not a loan to her hus-
band individually, and that no loan was made to her. 3d. That by the laws in
force at the time of her marriage, dotal property could not be alienated, and
that posterior laws cannot impair the effect of her marriage contract. 4th.
That the amount to be loaned is not specified in the act of mortgage. 5th.
That the charter does not authorize the bank to require from stockholders a
mortgage to secure stock loans.

EYSSALLENNE
*v.*
CITIZENS'
BANK.

These points have all been determined adversely to the plaintiff's preten-sions. The three first were passed upon, in the case of the *Bank of Louisiana* v. *Farrar & wife*, 1 An. 49 ; the two last were determined in the case of the *Union Bank* v. *Guice*, 2 An. 249.

In the case of *Farrar & wife*, the property mortgaged was paraphernal, while that of the plaintiff in this case is alleged to be dotal. But all our bank charters place dotal and paraphernal property on precisely the same footing, and author-ize married women to bind themselves with their husbands, in relation to both.

In the case of the *Citizens' Bank* v. *Nicolas et al.*, *ante* p. 112, most of the points decided in the two former cases were again made, and decided in the same manner. We adhere to those decisions, and the questions they de-termine are no longer open for argument.

The injunction was properly dissolved, and the damages allowed are author-ized by law. The responsibility of the surety attached when he signed the bond in blank ; it was properly filled up afterwards.

*Judgment affirmed.*